UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-cv-21582-GAYLES

SEGA CORPORATION,

       Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

       Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiff Sega Corporation's ("Plaintiff") Response, [ECF No. 11], to the Court's Order to Show Cause, [ECF No. 10], as to whether the joinder of the 59 Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" ("Defendants") is proper under Federal Rule of Civil Procedure 20. The Court has reviewed the response and the record and is otherwise fully advised. As set forth below, the Court finds that joinder is only proper for 24 Defendants.

## BACKGROUND

On March 10, 2026, Plaintiff filed his Complaint against Defendants asserting claims for trademark counterfeiting and infringement in violation of 15 U.S.C. § 1114 and false designation of origin in violation of 15 U.S.C. § 1125(a). [ECF No. 1]. On April 2, 2026, the Court issued an Order to Show Cause directing Plaintiff to demonstrate why joinder of these 59 Defendants in one action is proper. [ECF No. 10].

In its response to the Order to Show Cause, Plaintiff contends that joinder is proper because (1) Defendants "concurrently operate in an identical manner to knowingly advertise, offer for sale, and/or sell unauthorized products using infringing and counterfeit versions of [Plaintiff's] federally registered trademarks"; (2) Defendants have similar product listings; and (3) Defendants' "conduct concerns or arises from a common issue of law, namely trademark infringement . . . ." [ECF No. 11 at 1, 2]. Ultimately, Plaintiff argues that because the Defendants generally infringe the same products using the same approach, all 59 Defendants should be joined in one lawsuit.

## **DISCUSSION**

Federal Rule of Civil Procedure 20(a) permits joinder of defendants in the same action where the plaintiff's claims against the defendants arise "out of the same transaction, occurrence, or series of transactions or occurrences[,]" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B). The Eleventh Circuit has defined "transaction or occurrence" as "all logically related events entitling a person to institute a legal action against another . . . ." *Alexander v. Fulton Cnty., Ga.,* 207 F.3d 1303, 1323 (11th Cir. 2000), overruled on other grounds by *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) (internal citations omitted). "The logical relationship standard is a loose one that permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits." *Omega, SA v. Individuals, Bus. Entities, & Unincorporated 3 Associations Identified on Schedule "A"*, 650 F. Supp. 3d 1349, 1352 (S.D. Fla. 2023) (internal quotations omitted). However, simply having "similar issues of liability", without more, is insufficient to warrant joinder. *Id.* "[T]he claims must also share operative facts." *Id.*

2

Pursuant to Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "The district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices." *Omega, SA*, 650 F. Supp. 3d at 1351 (quoting *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002)).

The Court finds Plaintiff's request to permit suit and injunctive relief against these 59 Defendants in one action is improper and will only permit the action to proceed against Defendants 1–24 on Schedule A, who all use the same marketplace: Amazon. While there may be some common questions of law and fact as to all 59 Defendants, the Complaint does not sufficiently allege how each Defendant's acts of infringement "[arose] out of the same transaction, occurrence, or series of transactions or occurrences" of any other Defendant. Fed. R. Civ. P. 20(a)(2)(A). *See Omega, SA*, 650 F. Supp. 3d at 1352 ("One defendant's alleged . . . infringement does not necessarily arise out of the same transaction, occurrence, or series of transactions or occurrences as another's unrelated infringement of the same mark."); *Kay v. Individuals, Partnerships, & Unincorporated*, No. 23-22755-CIV, 2023 WL 6809762, at *2 (S.D. Fla. Oct. 16, 2023).[1]

Additionally, it does not appear that joinder of all 59 Defendants would promote judicial economy. Plaintiff argues that "[j]oinder serves the important interests of convenience and judicial economy, leading to a just, speedy, and inexpensive resolution for [Plaintiff], Defendants, and this Court." [ECF No. 11 at 6]. The Court disagrees. Plaintiff will likely complicate this action and prejudice individual Defendants by relying on hundreds of documents evidencing separate, unrelated infringement by other Defendants. *Omega, SA*, 650 F. Supp. 3d. at 1353 (declining to

---

[1] After the Court issued an Order to Show Cause as to the propriety of joinder in *Kay*, the plaintiff voluntarily dismissed all claims. *See Kay*, No. 23-22775 (S.D. Fla. Nov. 7, 2023).

join 108 defendants under Rule 20 and finding judicial economy undermined where the court must evaluate evidence against each defendant). "When the defendants are not affiliated with one another, there is no evidentiary overlap in proving liability for the alleged infringement. And one defendant's defenses do not depend on that of an unrelated codefendant." *Id.* at 1352 (internal citation and quotation omitted). Each Defendant may have to "monitor filings and wade through evidence pertaining to dozens of potentially unrelated codefendants" so that Plaintiff avoids filing multiple actions and paying filing fees. *Id.* at 1353.

Therefore, the Court finds that joinder here is only proper as to Defendants 1–24 on Schedule A, who all use the Amazon marketplace. [ECF No. 7-1]. Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. All Defendants, except for Defendants 1–24 on Schedule A, are SEVERED from this action; and

2. All claims against Defendants 25–59 are DISMISSED without prejudice, and they may be refiled in separate actions consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of May 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE